BUCHANAN INGERSOLL & ROONEY PC
A Pennsylvania Corporation
550 Broad Street, Suite 810
Newark, New Jersey  07102
(973) 273-9800
Attorneys for Defendant
 Continental Airlines, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMARA GOWAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CONTINENTAL AIRLINES, INC., : <br> DARRYL ALVARADO and : <br> JOHN DOES 1-10 : <br> : <br> Defendants. : <br> : | Civ. Action No.:  2-10-cv-01858 (JLL)(CCC) <br><br><br> **CONTINENTAL AIRLINES, INC.'S ANSWER TO THE COMPLAINT** <br><br> *Filed Electronically* |

Defendant Continental Airlines, Inc. ("Continental") hereby responds to the Complaint ("Complaint") of plaintiff, Tamara Gowan, as follows:

### AS TO THE FACTUAL BACKGROUND

1. Continental admits it is a corporation doing business in the State of New Jersey.

2. Continental admits that Darryl Alvarado has been employed by it as a flight attendant.

3. Continental admits that Tamara Gowan has been employed by it as a flight attendant.

4. Continental declines to respond to the allegations of paragraph 4 because they are conclusions of law to which no response is required.  Further, these allegations are directed to

fictitious defendants and not to Continental, and therefore Continental is not required to respond. To the extent a response is required, Continental denies the allegations of paragraph 4.

5. Continental denies the allegations of paragraph 5.

6. Continental admits that plaintiff and defendant Alvarado were working as flight attendants on Flight 62 from Newark, New Jersey to Madrid, Spain on August 22, 2009.

7. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, denies the allegations.

8. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to where "the flight attendants" stayed on the night of August 22, 2009. Continental admits that it booked and paid for separate hotel rooms for plaintiff and for defendant Alvarado at the Husa Princesa Hotel for the night of August 22, 2009.

9. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies the allegations.

10. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies the allegations.

11. Continental admits that plaintiff complained about defendant Alvarado to Shirley Minn, Senior Director of Newark Inflight and to Wayne Slaughter, Manager of Fair Employment Practices, on August 25, 2009. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the immediacy or veracity of plaintiff's complaint. Except as admitted herein, Continental denies that plaintiff complained about defendant Alvarado to "supervisors and other management personnel."

12. Continental denies the allegations of paragraph 12.

## AS TO THE FIRST COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental denies the allegations of paragraph 2.

3. Continental denies the allegations of paragraph 3.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE SECOND COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental denies the allegations of paragraph 2.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE THIRD COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental denies the allegations of paragraph 2.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE FOURTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental declines to respond the allegations of paragraph 2 as they are not directed to it.

3. Continental denies the allegations of paragraph 3.

4. Continental denies the allegations of paragraph 4.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE FIFTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental admits that it hired Alvarado as a flight attendant and that Alvarado remains employed as of the date of this Answer. Continental denies the remaining allegations of paragraph 2.

3. Continental denies the allegations of paragraph 3.

4. Continental denies the allegations of paragraph 4.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE SIXTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Except to admit that Alvarado remains employed by it, Continental denies the allegations of paragraph 2.

3. Continental denies the allegations of paragraph 3.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE SEVENTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental denies the allegations of paragraph 2.

3. Continental denies the allegations of paragraph 3.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE EIGHTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental denies the allegations of paragraph 2.

3. Continental denies the allegations of paragraph 3.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE NINTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental denies the allegations of paragraph 2.

3. Continental denies the allegations of paragraph 3.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE TENTH COUNT

1.Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2.Continental denies the allegations of paragraph 2.

3.Continental denies the allegations of paragraph 3.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE ELEVENTH COUNT

1.Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2.Continental admits that plaintiff took a personal leave of absence during January 2010 and a company offered leave of absence as of February 2010, which continues as of the filing of this Answer.  Continental denies the remaining allegations of paragraph 2.

3.Continental denies the allegations of paragraph 3.

4.Continental denies the allegations of paragraph 4.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE TWELFTH COUNT

1.Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2.Continental denies the allegations of paragraph 2.

3.Continental denies the allegations of paragraph 3.

4.Continental denies the allegations of paragraph 4.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE THIRTEENTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental declines to respond the allegations of paragraph 2 as they are not directed to it.

3. Continental denies the allegations of paragraph 3.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE FOURTEENTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. To the extent the "John Does" remain anonymous, Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 and, therefore, denies the allegations. Continental denies the remaining allegations of paragraph 2.

3. To the extent the "John Does" remain anonymous, Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, denies the allegations. Continental denies the remaining allegations of paragraph 3.

4. To the extent the "John Does" remain anonymous, Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, denies the allegations. Continental denies the remaining allegations of paragraph 4.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## AS TO THE FIFTEENTH COUNT

1. Continental repeats its responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

2. Continental declines to respond to the allegations of paragraph 2 because they are conclusions of law to which no response is required.  To the extent a response is required, Continental states that at all times relevant to plaintiff's claims it had in place a comprehensive policy against discrimination and harassment.

3. Continental declines to respond to the allegations of paragraph 3 because they are conclusions of law to which no response is required.  To the extent a response is required, Continental states that at all times relevant to plaintiff's claims it had in place a comprehensive policy against discrimination and harassment.

4. To the extent the "John Does" remain anonymous, Continental lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, denies the allegations.  Continental denies the remaining allegations of paragraph 4.

5. Continental declines to respond to the allegations of paragraph 5 because they are conclusions of law to which no response is required.

6. Continental denies the allegations of paragraph 6.

Continental denies the allegations of the unnumbered WHEREFORE paragraph and each and every one of its subparagraphs and denies that plaintiff is entitled to the relief requested.

## GENERAL DENIAL

Except as specifically admitted above, Continental denies all of plaintiff's allegations.

**SEPARATE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim for which relief can be granted.

2. Plaintiff's alleged damages or injures were not caused by or related to any wrongful conduct by Continental, nor by conduct for which Continental may be held responsible.

3. Plaintiff's claims are barred in whole or in part because Continental had in effect, at all relevant times, a procedure for employees to address claims of harassment or other discriminatory treatment, and because Continental exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory treatment.

4. The New Jersey Law Against Discrimination does not apply to some or all of the conduct alleged in the Complaint.

5. To the extent plaintiff's claims arise from alleged conduct that occurred outside the United States, this court lacks jurisdiction to decide her claims.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

7. Plaintiff's claims are barred in whole or in part by the exclusivity provisions of the New Jersey Workers Compensation Act.

8. To the extent plaintiff alleges unlawful acts of a supervisor or fellow employee, such persons were acting outside the scope of their authority and not to further any interest of Continental, and Continental is not liable for alleged wrongful conduct by them, if any.

9. The New Jersey Law Against Discrimination preempts all or part of plaintiff's common law claims.

10. Some or all of plaintiff's claims are preempted by federal law.

11. Plaintiff's claims are barred in whole or in part because Continental acted at all times in good faith based solely on legitimate business reasons wholly unrelated to any discriminatory, retaliatory or statutorily impermissible factors.

12. Subject to proof during discovery, plaintiff's claims are barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel and/or unclean hands.

13. Subject to proof during discovery, plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

14. There was no contract between plaintiff and Continental that could form the basis of the Twelfth Count and, as such, the Twelfth Couth fails to state a claim upon which relief can be granted.

15. Plaintiff is not entitled to punitive damages because Continental at all times made good faith efforts to comply with the law and any actions taken with respect to plaintiff were done without malice or reckless indifference to her rights.

16. Continental is not liable for punitive damages under federal or state law because it did not commit any act with malice or reckless indifference to plaintiff's protected rights, nor did it approve, authorize or ratify, or have actual knowledge of such acts.

17. Plaintiff's claims for punitive damages are barred by applicable law and, in any event, are barred by the Due Process Clauses of the United States and New Jersey Constitutions.

18. If plaintiff has been damaged, which Continental expressly denies, Plaintiff has failed to make reasonable efforts to mitigate her damages.

## RESERVATION OF RIGHTS

Continental has insufficient knowledge or information upon which to determine if it has additional, as yet unstated, defenses. Continental reserves the right to amend or assert additional

defenses which may become known during the course of discovery or which may be revealed during pretrial proceedings.

 WHEREFORE, Continental demands judgment dismissing the Complaint in its entirety, with prejudice, awarding it attorney's fees and costs, and granting such other relief as the Court deems just and proper.  Continental demands a jury trial.

/s/ Rosemary J. Bruno
Rosemary J. Bruno
BUCHANAN INGERSOLL & ROONEY PC
550 Broad Street, Suite 810
Newark, New Jersey
(973) 273-9800
Attorneys for Defendant
 Continental Airlines, Inc.

Dated: May 4, 2010

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

 The undersigned certifies and declares that plaintiff has also reported the alleged conduct of defendant Alvarado to the Spanish authorities in Madrid.  As of the filing of this Answer, Continental is aware that the Spanish authorities have taken a written statement from plaintiff and plan to take a written statement from defendant Alvarado.  Continental is presently not aware of whether that matter has been assigned to any specific Spanish court or assigned a docket number.

/s/ Rosemary J. Bruno
Rosemary J. Bruno
BUCHANAN INGERSOLL & ROONEY PC
550 Broad Street, Suite 810
Newark, New Jersey
(973) 273-9800
Attorneys for Defendant
 Continental Airlines, Inc.

Dated: May 4, 2010

## **CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed Continental's Answer and Separate Defenses with the Clerk of the Court, using the CM/ECF system, which sent notification to the following:

>Frederick E. Gerson, Esq.
>Feitlin Youngman Karas & Youngman, LLC
>9-10 Saddle River Road
>Fair Lawn, New Jersey  07410
>Attorney for Plaintiff

>/s/ Rosemary J. Bruno
>Rosemary J. Bruno

Dated:  May 4, 2010