<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMARA GOWAN, | Civil Action No.: 10-1858 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| CONTINENTAL AIRLINES, INC., DARRYL ALVARADO, and JOHN DOES 1-10 (said names being fictitious), | |
| Defendants. | |

This matter comes before the Court by way of Plaintiff Tamara Gowan ("Plaintiff")'s Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) as to Defendant Darryl Alvarado ("Defendant Alvarado"). [Docket Entry No. 28]. This motion is unopposed. The Court has considered Plaintiff's submissions, and for the reasons set forth herein, GRANTS Plaintiff's Motion for Default Judgment as to Defendant Alvarado.

**I. BACKGROUND**

This cause of action arises out of an alleged physical and sexual assault committed against Plaintiff on August 23, 2009 by Defendant Darryl Alvarado, a flight attendant employed by Defendant Continental Airlines ("Continental").[1] (Compl., ¶¶ 2, 10). Plaintiff was, at all times relevant to the Complaint, also employed as a flight attendant by Continental. (Id. ¶ 3). Prior to the assault, Plaintiff claims that Defendant Alvarado had a history of sexually harassing female employees and otherwise behaving inappropriately. (Id. ¶ 5). Plaintiff asserts that Defendant Continental had prior knowledge of Defendant Alvarado's behavior, but despite this

---

[1] The Court accepts as true the factual allegations contained in the Complaint following entry of default judgment. See <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990).

knowledge, did not properly discipline him, and he was able to keep his position as a flight attendant. (Id.).

On or about August 22, 2009, Plaintiff and Defendant Alvarado were working as flight attendants on Continental Airlines Flight 62 from Newark, New Jersey to Madrid, Spain. (Id. ¶ 6). During the flight, Defendant Alvarado began acting inappropriately towards Plaintiff, including acting flirtatious, placing his hands on her body, calling her "baby" several times, and walking into the bathroom while Plaintiff was inside. (Id. ¶ 7). Prior to the August 22, 2009 flight, Plaintiff and Defendant had never met. (Id.). During a brief layover on the evening of on or about August 22, 2009, the flight attendants stayed at the Husa Princesa Hotel in Madrid in hotel rooms booked and paid for by Continental Airlines. (Id. ¶ 8). During the course of that evening and the following morning, Defendant Alvarado placed several calls to Plaintiff's room requesting that she come to his room, and Plaintiff repeatedly refused his request. (Id. ¶ 9). On or about 3:20 a.m. on August 23, 2009, Defendant Alvarado came to Plaintiff's room and is alleged to have sexually assaulted her. (Id. ¶ 10). Plaintiff immediately reported Defendant's conduct to her supervisors and other management personnel at Continental. (Id. ¶ 11). However, Plaintiff asserts that, throughout her employment with Continental, she was subject to constant, pervasive, and unwanted sexual advances by Continental employees. (Id. ¶ 12).

Plaintiff filed her 15-count Complaint on January 20, 2010 in the Superior Court of New Jersey, Essex Law Division. [Docket Entry No. 1]. The majority of the counts in the Complaint are directed towards Defendant Continental, namely: New Jersey Law Against Discrimination claims for constructive termination and hostile work environment; aiding and abetting criminal acts; negligent hiring; failure to train; agency and supervisory liability; negligent and reckless conduct on the part of management, and breach of the covenant of good faith and fair dealing.

Claims made as against Defendant Alvarado appear to only include Plaintiff's tort claim for assault and battery, for which Plaintiff seeks equitable damages (including, but not limited to, lost wages, benefits and interest denied her), compensatory damages (including all damages for pain and suffering and other loss resulting from Defendant's actions), pre- and post-judgment interest, punitive damages, costs of suit (including attorney's fees), and statutorily imposed damages. (Compl., at 7-8). On April 12, 2010, Defendant Continental removed the action to this Court, and the case was referred to arbitration. [Id.]. Defendant Continental filed their Answer to Plaintiff's Complaint on May 4, 2010. [Docket Entry No. 4]. On August 26, 2010, a waiver of service sent to Defendant Alvarado was returned executed with Defendant's signature. [Docket Entry No. 12]. On October 26, 2010, Plaintiff requested entry of default against Darryl Alvarado, and on October 28, 2010, the Clerk entered default against said Defendant for failure to appear. [Docket Entry No. 14]. Plaintiff filed the instant Motion for Default Judgment as against Defendant Alvarado on June 15, 2012. [Docket Entry No. 28]. Plaintiff requests that this Court hold a hearing to set forth her damages. The motion is unopposed.

## II. LEGAL STANDARD

Default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)(citation omitted). The consequence of the entry of default judgment is that "the

factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Before imposing the sanction of default, district courts must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). If the damages are not for a sum certain, or for a sum which can by computation be made certain, the "court may conduct such hearings or order such references as it deems necessary and proper." Comdyne I, 908 F.2d at 1149 (citing Fed. R. Civ. P. 55(a) and (b)).

### III. DISCUSSION

Since Defendant Alvarado has not filed an answer to Plaintiff's Complaint, Defendant is "deemed to have admitted all the allegations in the complaint." Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993); see Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). Accepting Plaintiff's allegations as true as against Defendant Alvarado, Defendant assaulted Plaintiff in the early morning of August 23, 2009. (Compl., ¶ 10). Plaintiff's Complaint is clear in stating that Defendant Alvarado's conduct was "unwanted, not consensual and unprovoked by plaintiff." (Compl., ¶ 10).

Absent Defendants' responsive pleadings, meritorious defenses such as consent, fabrication, immunity, entrapment, alibi, coercion, duress, or the statute of limitations do not

appear to be available to Defendant. Therefore, the Court finds that the first requirement of granting default judgment has been met. Second, the Court finds that Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant. Defendant has waived service and has not answered Plaintiff's Complaint. Accordingly, the prejudice that Plaintiff may suffer is her inability to vindicate her rights as against Defendant Alvarado. Finally, with respect to the issue of whether default was the result of culpable conduct by Defendant Alvarado, it is clear that Defendant had notice that claims were filed against him and waived service of the summons and complaint. Defendant has filed no Answer to Plaintiff's Complaint and offered no explanation for his delinquency in the instant action. Therefore, the Court concludes that, having considered all of the relevant factors, said factors favor entry of default judgment against Defendant Alvarado. However, since Plaintiff is requesting damages not for a sum certain, the Court will order a damages hearing to set forth her damages.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED. An appropriate Order accompanies this Opinion.

DATED: July 9, 2012

José L. Linares
United States District Judge